CAUSE NO. DC-16-07371

| | | |
|---|---|---|
| **JOHN DARJEAN** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| vs. | § | |
| | § | |
| **DEION SANDERS AND PILAR SANDERS and SHILOH SANDERS** | § | |
| *Defendants* | § | |
| | § | |
| **SHILOH SANDERS** | § | **160th JUDICIAL DISTRICT** |
| *Third Party Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | |
| **LEROY McCLURE, Jr. AND FOCUS LEARNING ACADEMY, INCORPORATED D/B/A FOCUS LEARNING ACADEMY / TRIPLE A ACADEMY** | § | |
| *Third-Party Defendants.* | § | **DALLAS COUNTY, TEXAS** |

## PROTECTIVE ORDER

The Court, having considered the pleadings and arguments of counsel, is of the opinion that this Protective Order should be GRANTED.

**IT IS ORDERED, ADJUDGED AND DECREED** that:

1. This order shall apply to: 1) any information and/or documents produced by any party, witness, custodian of records, or other third party, including but not limited to medical practitioners or facilities, the Dallas County Sheriff's Department, Dallas Police Department, Letot Center, Child Protective Services, Sachse High School and Trinity Christian School, in response to Deposition on Written Questions, Interrogatories, Subpoena Duces Tecum, Request for Production, Request for Admissions and/or through any other mode, pertaining in any manner to the parties, any witnesses, and/or the incident made the basis of this suit; 2) any information obtained from the described documents; 3) any information obtained by use of the documents and/or information contained in the documents, such as through the depositions of: the parties, fact witnesses and/or the parties' experts; 4) the deposition testimony and/or transcript of any deposition taken in this case which pertain either to the information and/or documents produced in response to any party's discovery requests at any point in this suit. **This Order applies both**

**prospectively and retroactively to any information and/or documents produced, received, or obtained since the inception of this suit.**

2. With respect to the information and documents referenced in this Protective Order, the information and documents shall only be used for the purposes of preparing for/conducting the trial of this matter and further, that the parties (by and through their counsel of record) shall only disseminate/release/provide and/or disclose such documents and/or information to the following:

    A. The parties;

    B. The parties' legal counsel and any staff members for the parties' counsel's law firms;

    C. Any experts retained by the parties, whether in a consultant capacity or as a testifying expert;

    D. The Defendants' insurance carrier(s);

    E. The jury and/or Court as may be necessary in order to prepare for and/or conduct pre-trial matters and/or the trial of this matter;

    F. Any person or entity properly identified by any party to this litigation as a person with knowledge of relevant facts, who testimony is obtained through deposition or trial testimony; and

    G. The mediator.

3. All parties and their counsel are specifically prohibited from uploading any information or documents referenced herein to any and all social media sites/websites, including but not limited to: Facebook, Twitter, Snapchat, Pinterest, Instagram, MySpace and YouTube, and/or sharing with any other media source.

4. Nothing herein shall otherwise prevent the use of identified information/documents in preparing for trial or hearings, nor will any party be restricted from using such discovery materials at any hearing or trial; however, no such documents will be permitted to be attached to pleadings as exhibits, absent such being e filed in a manner to protect public disclosure/review and further subject to whatever limits on disclosure may be deemed appropriate and necessary by the Court at that time.

5. With respect to use of any of the documents and information during the deposition process or through obtaining witness testimony at hearings or at trial, the Parties agree that all witnesses will be provided a copy of this Protective Order and will sign a statement confirming their agreement to maintain the

confidential nature of the information and documents. Further, no copies of the information provided or documents produced will be provided to the witness (other than witnesses who are also parties and/or experts) for his/her own keeping.

6. Any court reporter, stenographer, videographer, or other third-party professional vendor who participates in the deposition process or who is provided information or documents in contemplation of completion of their professional duties will be provided a copy of this Protective Order and will sign a statement confirming their agreement to comply with all provisions of this Order.

7. With respect to any of the documents produced (inclusive of copies made) these documents will be destroyed within 30 days of the conclusion of this litigation (whether through settlement, trial or appeal) and/or in conformance with Defendants' insurance carriers' document destruction policies/practices, with the exception of such documents which may be used as trial exhibits and thus, remain under the custody and control of the Court.

**IT IS FURTHER ORDERED** that release, disclosure, and/or provision of the information and/or documents referenced in this Protective Order is not a waiver of any party's right to assert evidentiary objections as to the use of and/or admissibility of the information and/or documents at the trial of this cause; and further, that release, disclosure and/or provision of the information and/or documents referenced in this Protective Order is not an admission or acquiescence by any party and/or its counsel as to the use of and/or admissibility of the information and/or documents at the trial of this cause.

**THE PARTIES FURTHER ACKNOWLEDGE** that this Protective Order can be modified in the future only by: 1) written agreement of all counsel of record and/or 2) further Order of the Court.

Signed this \_16\_ day of \_\_April_____, 2018.

_____
JUDGE PRESIDING