## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
## DENVER DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHILO DION SANDERS, | ) | Case No. 23-14859-MER |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JOHN DARJEAN, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. Nos. 24-01022-MER; |
| | ) | 24-01023-MER |
| | ) | |
| vs. | ) | |
| | ) | |
| SHILO DION SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

### SHILO DION SANDERS' MOTION FOR (I) A PROTECTIVE ORDER, AND ALTERNATIVELY, (II) ORDER TO ENFORCE STATE COURT PROTECTIVE ORDER

Defendant Shilo Dion Sanders ("Sanders"), by and through his undersigned counsel, respectfully submits this Motion for (I) a Protective Order, and Alternatively, (II) Order to Enforce State Court Protective Order (the "Motion"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this proceeding through Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 7026-1(e); and section 105 of title 11 of the United States Code (the "Bankruptcy Code"), and in support thereof, respectfully states as follows:

**Introduction**

1. On June 20, 2016, Plaintiff John Darjean ("Darjean") initiated a lawsuit in the 160th District Court in Dallas County, Texas ("State Court") at Cause No. DC-16-07371 ("State Court Case") against Sanders and his parents for his alleged injuries. A protective order ("State Court Protective Order") was entered in the State Court Case on April 16, 2018, a copy of which is attached hereto as **Exhibit A**.

2. On April 12, 2024, as a result of Darjean repeatedly violating the State Court Protective Order as described in more detail herein, Sanders was forced to file a *Motion for Contempt and/or Other Appropriate Relief for Protective Order Violations* in the State Court Case, a copy of which is attached hereto as **Exhibit B**.

3. Since Sanders' bankruptcy filing, Darjean has also violated and continues to violate the State Court Protective Order by taking actions in this bankruptcy case including, among other things, disclosing protected confidential information and documents, such as medical records and deposition testimony subject to the State Court Protective Order, in the two complaints he filed in these Bankruptcy Court adversary proceedings.

4. Darjean has further continued to violate the State Court Protective Order by repeatedly and continuously disseminating information and documents subject to the State Court Protective Order through social media platforms, including, but not limited to, uploading video content to YouTube, including a self-made documentary called "Prime Time for Truth" Darjean produced, directed, and appeared in which Darjean uploaded on April 17, 2024. This video, with a length of 69 minutes, includes extensive portions of the depositions from the State Court Case subject to the State Court Protective Order and also references Sanders' bankruptcy case, including the below closing "credits" accusing Sanders of filing for bankruptcy in Dallas that was denied

(all completely false), and that Sanders' bankruptcy "proceeding continue [sic] in Colorado as of 04/13/2024." Darjean also released this same 69 minute video on Tubi on April 3, 2024.



5. On April 2, 2024, Darjean uploaded a separate video regarding Sanders' bankruptcy case which specifically references Darjean's claim against Sanders in this bankruptcy case, in addition to also containing portions of a deposition transcript subject to the State Court Protective Order.

6. Darjean has continued aggressively accelerating his dissemination of confidential information covered by the State Court Protective Order, even after the *Motion for Contempt and/or Other Appropriate Relief for Protective Order Violations* was filed in the State Court Case, by even more recently on April 18, 2024, uploading yet another completely separate video to YouTube which includes, among other things, Darjean not only incomprehensibly bragging about his 69 minute documentary video chock-full of information and documents subject to the State

Court Protective Order, but also once again portions of depositions from the State Court Case subject to the State Court Protective Order.

7. It is clear that Sanders filing the *Motion for Contempt and/or Other Appropriate Relief for Protective Order Violations* in the State Court Case not only did not deter Darjean from further violating the State Court Protective Order, but instead has plainly motivated him to ratchet up his efforts to continue flagrantly and maliciously violate the State Court Protective Order. In light of this and Darjean's outrageous and egregious conduct violating the State Court Protective Order in this bankruptcy case, Sanders has no choice but to seek by this Motion (i) a protective order from this Bankruptcy Court consistent with the State Court Protective Order in the form attached hereto as **Exhibit C**; and in the alternative, (ii) an order from this Bankruptcy Court enforcing the State Court Protective Order.

## Jurisdiction and Venue

8. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). Venue is proper under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2).

## Background

9. During the State Court Case, certain parties requested sensitive and confidential information in discovery relating to Sanders, including records from the Dallas County Sheriff's Department, the Dallas County Police Department, Sachse High School, Trinity High School, and the Letot Center.

10. Because this requested information is confidential under Texas law, Sanders filed a Motion to Quash and a Motion for a Protective Order, arguing that making certain documents and information available to the public could cause harm to Sanders and/or violate Sanders' rights.

4

11. On April 16, 2018, the State Court denied Sanders' Motion to Quash but granted Sanders' Motion for Protective Order, ordering the recipients of subpoenas to produce responsive documents, but making those productions subject to the State Court Protective Order.

12. The State Court Protective Order broadly applies to:

> 1) any information and/or documents produced by any party, witness, custodian of records, or other third party, including but not limited to medical practitioners or facilities, the Dallas County Sheriff's Department, Dallas Police Department, Letot Center, Child Protective Services, Sachse High School and Trinity Christian School, in response to Deposition on Written Questions, Interrogatories, a Subpoena Duces Tecum, Request for Production, Request for Admissions and/or through any other mode, pertaining in any manner to the parties, any witnesses, and/or the incident made the basis of this suit; 2) any information obtained from the described documents; 3) any information obtained by use of the documents and/or information contained in the documents, such as through the depositions of: the parties, fact witnesses and/or the parties' experts; 4) the deposition testimony and/or transcript of any deposition taken in this case which pertain either to the information and/or documents produced in response to any party's discovery requests at any point in this suit.

13. In bold and underlined language, the State Court Protective Order emphasized that it "**applies both prospectively and retroactively to any information and/or documents produced, received, or obtained since the inception of the suit**." *See* **Exhibit A** (emphasis in original).

14. The State Court Protective Order further limits the use of the applicable information and documents "for the purposes of preparing for/conducting the trial of this matter" and limited the dissemination of the information and documents to: the parties, the parties' legal counsel and their staff, any experts retained by the parties, Defendants' insurance carrier(s), the jury and/or Court as necessary to prepare for and conduct trial, any person or entity properly identified by a party as a person with knowledge of relevant facts whose testimony is obtained, and the mediator.

15. The State Court Protective Order explicitly prohibits the parties and their counsel "from uploading any information or documents referenced herein to any and all social media sites/websites, including but not limited to: Facebook, Twitter, Snapchat, Pinterest, Instagram, Myspace and YouTube, and/or sharing with any other media source."

16. The State Court Protective Order is and remains a valid and enforceable order, and it can only be modified in the future either by written agreement of the parties or further order of the State Court.

17. Nevertheless, Darjean has violated and continues to violate the State Court Protective Order in this bankruptcy case and elsewhere as described above.

18. In Sanders' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Bankr. P. 7012(b)(6) filed in Adversary Proceeding 24-01023-MER [Docket No. 4], Sanders reserved his rights with respect to enforcement of the State Court Protective Order, including injunctive relief and seeking damages as may be applicable.

19. Sanders reserves the right to show other and additional violations of the State Court Protective Order in these Bankruptcy Court proceedings and elsewhere at a hearing on this Motion.

## Argument

### *Sanders is Entitled to a Protective Order Issued by this Bankruptcy Court.*

20. Federal Rule 26(c), incorporated by reference to this matter through Bankruptcy Rule 7026, provides that the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).

21. Although discovery has not begun in the adversary proceedings, as described herein, Darjean has disclosed confidential and sensitive information that is subject to the State Court Protective Order in these Bankruptcy Court proceedings.

22. The prejudicial and wholly improper disclosures by Darjean are a clear violation of the State Court Protective Order, and Darjean has failed to voluntarily remedy his violations or provide any assurances he will not further violate the State Court Protective Order in this Bankruptcy Court or elsewhere in the future.

23. Sanders therefore respectfully seeks a similar protective order consistent with the State Court Protective Order, in the form attached hereto as **Exhibit C**, to be entered in this Adversary Proceeding under Federal Rule 26(c).

***Sanders is Entitled to a Bankruptcy Court Order Enforcing the State Court Protective Order.***

24. In the alternative to Sanders' request that this Court issue a protective order, Sanders requests an order from this Court enforcing the State Court Protective Order, including, but not limited to, ordering Darjean to withdraw or seal the filed documents in this Bankruptcy Court that violate the State Court Protective Order.

25. Section 105(a) of the Bankruptcy Code provides: "The bankruptcy court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Injunctive relief is available under section 105(a) of the Bankruptcy Code, and it is governed by the principles that govern injunctions generally, as modified to fit the bankruptcy context. *In re Lyondell Chemical Co.*, 402 B.R. 571, 588 (Bankr. S.D.N.Y., 2009); *Landsing Diversified Props.-II v. First Nat'l Bank and Trust* (*In re W. Real Estate Fund, Inc.*), 922 F.2d 592, 599 (10th Cir. 1990) (per curiam); *In re Otero Mills, Inc.*, 25 B.R. 1018, 1021 (Bankr. D.N.M. 1982).

26. Federal courts have recognized that, when asked to decide a motion that invokes a state court's protective order, they are "constrained by principles of comity, courtesy, and, where a federal court is asked to take such action with regard to a previously issued state court protective order, federalism." *Daza v. Indiana*, 2018 WL 11350226, at *3 (S.D. Ind., 2018)[1] (holding that, while it was constrained by principles of comity, courtesy, and federalism, and the exhibits at issue were within the confines of the state, administrative court protective order, the movant had waived its right to enforce the underlying protective order) (citing *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 499 (D. Md. 2000) (creating a four-part test for justifying when a federal court could discount principles of federalism and comity by issuing a discovery order that modified a state court protective order).

27. The *Daza* and *Tucker* courts' analyses can be applied to the instant case as legal authority for this Court to enforce the State Court Protective Order. Notably, the *Daza* and *Tucker* facts, and, thus, their outcomes, are distinguishable. In *Daza*, the United States District Court for the Southern District of Indiana held that the movant had waived its right to ask the court to enforce the state, administrative court's protective order by striking exhibits filed at the summary judgment stage because those same exhibits had been used during the discovery stage, without objection. *Daza*, 2018 WL 11350226, at *4. The *Daza* court also weighed against the movant the fact that the underlying state, administrative court's protective order was entered upon the parties' consent rather than due to concerns of prejudice. *See Id.* ("[I]t is evident that the ALJ did not consider arguments as to the sensitive and/or confidential nature of these documents nor is the agreed protective order that was entered a result of the ALJ's decision-making process and this strongly cuts against Defendants' prejudice argument").

---

[1] A copy of this unpublished decision is attached hereto as **Exhibit D**.

8

28. In *Tucker*, the United States District Court for the District of Maryland concluded that principles of federalism and comity were important reasons to enforce a state-court protective order, so it created a four-part test that must be met before justifying its entering a discovery order that modifies the pre-existing state-court protective order. *See Tucker*, 191 F.R.D. at 499. The test considers: (1) whether the nature of the underlying protective order reflects purely a ministerial act to rubberstamp an agreement between parties or "an action directed by the court after a full consideration of the merits on a fully briefed dispute," (2) whether the parties in the federal action are the same as the state court action, (3) whether the state court action is still pending, and, if not, the burden and expense of movant filing a new action to seek modification of the protective order, and (4) whether the federal court could incorporate terms in its own order that will further the state court protective order.

29. All of these factors weigh in favor of this Court enforcing the State Court Protective Order. First, the State Court Protective Order was not a result of Darjean and Sanders agreeing that the protected content was confidential; rather, it was the result of a dispute between the parties as to whether the information should be publically disclosed. After considering Sander's Motion to Quash and Motion for a Protective Order, which argued the information is confidential under Texas law, the State Court denied the Motion to Quash, but granted the Motion for a Protective Order, after "considering the pleadings and arguments of counsel." *See* **Exhibit A**.

30. Second, Darjean and Sanders are both parties who were involved in the underlying State Court Case and the instant bankruptcy case. So, there is no concern with this Court's enforcing the protective order against a party that was not subject to the State Court Protective Order.

31. Third, the underlying State Court Case is closed; however, due to the gravity of Darjean's violations, Sanders was forced to file the *Motion for Contempt and/or Other Appropriate Relief for Protective Order Violations* in the State Court Case. While Sanders expects the State Court to enforce its State Court Protective Order, it is still both necessary and economical for this Court to enforce the State Court Protective Order, as discovery issues before this Court are not only clearly imminent, but Darjean has already taken actions in this bankruptcy case violating the State Court Protective Order such as disclosing protected confidential information and documents in the two complaints he filed in these Bankruptcy Court Adversary Proceedings.

32. Fourth, it is possible for this Court to incorporate terms in its own order that will further the protections in the State Court Protective Order. This relief is precisely what Sanders is seeking through this Motion. Like the *Tucker* court, this Court should order that the disclosure "of the documents in this case which fall within the scope of the [State Court Protective] Order originally issued by the Texas court will be subject to its same restrictions." *Tucker*, 191 F.R.D. at 501-02.

### ***Request for Hearing on May 2, 2024***

33. Given Darjean's continuous and ongoing pattern of violating the State Court Protective Order as described herein, Sanders respectfully requests a forthwith hearing on this Motion, such that it is set to be heard in conjunction with the Status and Scheduling Conference set for May 2, 2024 at 1:30 p.m.

34. WHEREFORE, because Darjean has violated and demonstrated that he intends to continue to violate the State Court Protective Order, Sanders respectfully requests that this Court grant his Motion and (i) enter a Protective Order in the form attached hereto as **Exhibit C**; or, in the alternative, (ii) enter an Order enforcing the State Court Protective Order, including, but not

limited to, ordering that Darjean remove or seal the violating documents and information from this Court's docket; and granting Sanders such other relief that is just and equitable.

Dated: April 22, 2024             **KUTNER BRINEN DICKEY RILEY, P.C.**

*/s/ Keri L. Riley*
Keri L. Riley, #47605
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Tel: (303) 832-2400
Email: klr@kutnerlaw.com

-and-

**BARNES & THORNBURG LLP**

Victor D. Vital (of counsel)
2121 N. Pearl St., Suite 700
Dallas, TX 75201-2469
Tel: (214) 258-4124
Email: Victor.Vital@btlaw.com

- and -

James Van Horn (of counsel)
555 12th St NW, Suite 1200
Washington, DC 20004
Tel: (202) 371-6351
Email: JVanHorn@btlaw.com

***Attorneys for Debtor/Defendant Shilo Dion Sanders***

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# DENVER DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHILO DION SANDERS, | ) | Case No. 23-14859-MER |
| | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| JOHN DARJEAN | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. Nos. 24-01022-MER; |
| | ) | 24-01023-MER |
| | ) | |
| vs. | ) | |
| | ) | |
| SHILO DION SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING SHILO DION SANDERS' MOTION FOR
(I) A PROTECTIVE ORDER, AND ALTERNATIVELY,
(II) ORDER TO ENFORCE STATE COURT PROTECTIVE ORDER**

THIS MATTER, having come before the Court on Defendant Shilo Dion Sanders' Motion for (I) a Protective Order, and Alternatively, (II) Order to Enforce State Court Protective Order (the "Motion"), the Court having reviewed the Motion and finding good cause for granting the requested relief, does hereby

ORDER:

1. The Motion is GRANTED.

2

2. A Protective Order shall be entered in this Bankruptcy Case consistent with the State Court Protective Order (as defined in the Motion), substantially in the form attached as **Exhibit C** to the Motion.

3. Plaintiff John Darjean is hereby ordered to fully and completely comply with the State Court Protective Order in this Adversary Proceeding, including, but not limited to, immediately removing or sealing the violating documents and information from this Court's docket.

Done and entered this _____ day of _____, 2024, in Denver, Colorado.

_____
Honorable Michael E. Romero
United States Bankruptcy Court Judge

## CERTIFICATE OF SERVICE

I certify that on April 22, 2024, I served a complete copy of **SHILO DION SANDERS' MOTION FOR (I) A PROTECTIVE ORDER, AND ALTERNATIVELY, (II) ORDER TO ENFORCE STATE COURT PROTECTIVE ORDER** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

**Jeffery Dayne Carruth**
Weycer Kaplan Pulaski & Zuber, P.C.
24 Greenway Plaza, #2050
Houston, TX 77046
713-341-1158
713-961-5341 (fax)
jcarruth@wkpz.com

**Andrew S Miller**
Sweetbaum Miller
1200 17th St.
Ste. 1250
Denver, CO 80202
Denver
303-296-3377
smiller@sweetbaumlaw.com

**Ori Raphael**
Mathias Raphael PLLC
13101 Preston Rd
Ste 501
Dallas, TX 75240
214-739-0100
ori@mr.law

**Alan Sweetbaum**
Sweetbaum Miller PC
1200 Seventeenth Street
Suite 1250
Denver, CO 80202
303-296-3377
303-296-7343 (fax)
asweetbaum@sweetbaumlaw.com

                **By: /s/ Keri L. Riley**
                **Keri L. Riley, Esq.**