IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| SHILO DION SANDERS ) | Case No. 23-14859-MER |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |

# PROTECTIVE ORDER

Upon the Motion for Entry of Protective Order filed by Shilo Sanders (the "Debtor") on February 6, 2025 (Docket No. 92), the Limited Objection to the Motion for Entry of Protective Order filed by David Wadsworth as the chapter 7 trustee (the "Trustee") on February 19, 2025 (Docket No. 93), and the Objection to the Motion for Entry of Protective Order filed by creditor John Darjean ("Mr. Darjean")[1] on February 20, 2025 (Docket No. 94), the Court finds that (a) certain information, documents, or things which may be discovered or produced in the Proceedings (as defined below) may contain sensitive personal information, confidential business information, or other private, confidential, proprietary, or competitively sensitive information and (b) good cause exists to enter this Protective Order.

## I.     INTRODUCTION AND SCOPE

This Protective Order applies in the above captioned bankruptcy case and Adversary Proceeding Nos. 24-01022-MER and 24-01023-MER (collectively, the "Proceedings") and shall govern documents and information exchanged or disclosed during the Proceedings, including, but not limited to, discovery under Fed.R.Bankr.P. 2004, documents produced by the Parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, and responses to requests for admission (collectively, "Discovery Material").

## II.     DESIGNATED DISCOVERY MATERIAL

Discovery Material may be designated "CONFIDENTIAL" only if designating counsel has a good faith belief that it contains (1) information that is demonstrably proprietary, confidential, or commercially sensitive; (2) personally identifiable information such as bank account numbers, birth dates, and social security numbers; or (3) information the disclosure of which would invade an individual's legitimate privacy interests and cause cognizable harm if disclosed. Information that is in the public domain at the time of its disclosure or that becomes part of the public domain

---

[1] The Debtor, the Trustee, and Mr. Darjean shall sometimes be referred to collectively as the "Parties."

after its disclosure as a result of actions by the party asserting confidentiality is not CONFIDENTIAL.

Discovery Material may be designated "HIGHLY CONFIDENTIAL" only if the designating counsel has a good faith belief that it contains information that (1) is CONFIDENTIAL; and (2) would create a competitive disadvantage if disclosed to Mr. Darjean. Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be referred to herein as "Designated Discovery Material."

The designating counsel must designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by prominently marking it as such prior to its production. If counsel for a party has a good faith belief that Discovery Material produced by a nonparty is CONFIDENTIAL or HIGHLY CONFIDENTIAL, such party must notify the other Parties of such belief within one week of receipt of such Discovery Material from a third party and the designating party shall be responsible for all costs and fees incurred by the other parties to mark such Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

### III. LIMITATIONS ON ACCESS TO DESIGNATED DISCOVERY MATERIAL

Access to "HIGHLY CONFIDENTIAL" Discovery Material marked and identified in accordance with this Protective Order shall be limited to the following individuals (hereinafter referred to as "Authorized Personnel"):

a) The Court and its officers and clerical staff;

b) Counsel for the Parties, the Trustee, counsel for the Trustee, and any paralegal, secretarial, and clerical personnel reasonably necessary to assist the Trustee or such counsel, but such information or documents may not be disclosed to the Debtor or Mr. Darjean without prior written consent or Court order;

c) Retained experts and consultants and their staff who are retained by a party or attorney to assist in this Proceeding, but only to the extent reasonably necessary for such expert or consultant to so assist and only after such expert and/or consultant and/or related staff has executed the Acknowledgement attached hereto as Exhibit A. The proposed expert or consultant must be disclosed to the other parties seven days before giving access to any HIGHLY CONFIDENTIAL documents, and the other parties will have an opportunity to object with seven days, but such objection must be based on a conflict of interest or some other reasonable basis;

d) Stenographic reporters and videographers engaged for depositions or proceedings necessary to this Proceeding;

e) Any person (1) who is identified as an author or recipient, including recipient by copy, of any document or information therein and is not otherwise shown prior to such disclosure not to have received the document or information therein or (2) who has been identified in

writing by the designating party as having been provided with the document or information therein.

Access to "CONFIDENTIAL" Discovery Material marked and identified in accordance with this Order may be disclosed to Authorized Personnel and to any party to this Proceeding.

Notwithstanding anything else in this Protective Order, the Trustee is authorized to review both CONFIDENTIAL and HIGHLY CONFIDENTIAL information.

### IV. DESIGNATION OF DEPOSITION OR OTHER TESTIMONY

Deposition and other testimony may also be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." During a deposition or other testimony which involves Designated Discovery Material or information, counsel for a party or witness producing or disclosing such information may designate on the record the portion(s) of the deposition or other testimony which counsel believes in good faith may contain said information. If such designation is made, those portions of the deposition or other testimony will be taken with no one present, except those persons who are authorized to have access to such Designated Discovery Material in accordance with this Order. For ten (10) business days after the final transcript is delivered to counsel, a party may designate in writing other or new portions containing Designated Discovery Material. During this ten-day period, if any part of the testimony is designated on the record or in writing as containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the entire deposition or other testimony will be deemed to contain the highest designation asserted.

### V. PARTY'S OWN INFORMATION

The restrictions on the use of Designated Discovery Material established by this Protective Order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of the Proceedings.

### VI. RELATED MATERIAL

The restrictions on the use of Discovery Material established by this Order shall extend to: (i) all copies, extracts, and complete or partial summaries prepared from such Discovery Material; and (ii) portions of briefs, memoranda, or any other writing filed with the court and exhibits thereto that contain or reflect the content of any such Discovery Material, in accordance with the procedures set forth in Paragraph 7 below.

### VII. PROCEDURES FOR SUBMITTING OR FILING DESIGNATED MATERIAL

Any Party that intends to use Designated Discovery Material in a court filing or at trial or hearing shall give the designating party reasonable notice, not less than two weeks, of its intent to use such material (the "Potential Use Notification") to allow the designating party to request the Court to enter an appropriate order governing the use of the Designated Discovery Material. If the designating party fails to seek an order of the Court within two weeks of receiving a Potential Use Notification, the Designated Discovery Material may be filed with the Court as a public filing or

otherwise used in open court.  For the avoidance of doubt, Designated Discovery Material must be filed under seal absent further order of the Court if the designating party seeks an order from the Court within two weeks of receiving a Potential Use Notification.

Nothing in this Protective Order shall be deemed to establish that any Designated Discovery Material must be filed under seal or is intended to modify 11 U.S.C. § 107 and Fed. R. Bankr. P. 9018 and 9037.

### VIII.   CLIENT CONSULTATION

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying on and sharing Confidential Material;  provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any Highly Material except as permitted pursuant to this Order, agreement of the parties, or further order of the Court.

### IX.   USE OF DESIGNATED DISCOVERY MATERIALS

Persons obtaining access to Designated Discovery Materials shall use the information only for the purpose of advising their clients in connection with the Proceedings, administration of the Estate, preparation and use in hearings and trials in the Proceedings, and discovery requests and responses in the Proceedings.  The Trustee may use Designated Discovery Materials as necessary to fulfill any reporting obligations he may have to the United States Trustee.  Designated Discovery Material may not be used for any other purpose.

### X.   CHALLENGE TO DESIGNATION

If the party receiving Designated Discovery Material disagrees with the designation, the challenging party may seek relief from the Court (after required meet and confer). Any such disputed items shall be treated as initially designated, and subject to the protections of this Order, unless and until the Parties reach an agreement or the Court determines otherwise.  Any such challenges to Designated Discovery Material shall be governed by L.B.R. 7026-1(d), provided, however, that, unless the Court orders otherwise, the hearing shall be conducted via Zoom.

### XI.   INADVERTENT DISCLOSURE

A.   If, through inadvertence, a producing or disclosing party provides any Designated Discovery Material in this Proceeding without designating the Discovery Material as such, the producing party may subsequently inform the receiving party in writing of the protected nature of the Discovery Material, and the receiving party shall treat the Discovery Material as though it were properly designated in accordance with this Order after receipt of such written notice; provided, however, that the receiving party has no obligation to retrieve any such Designated Discovery Material that has been disclosed to unauthorized persons. Objections to a designation made pursuant to this paragraph shall follow the procedure set forth in Article IX.

    B.    If, through inadvertence, a producing or disclosing party provides Discovery Material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the producing party may subsequently inform the receiving party in writing of the protected nature of the Discovery Material and request return of same. Upon such written notice, Fed. R. Civ. P. 26(b)(5)(B) shall govern.

## XII.    RETURN OF DISCOVERY MATERIAL

After the Proceedings are completed, each party may either destroy any Designated Discovery Material or keep it consistent with the ordinary practices of the party subject at all times to the terms of this Protective Order.

## XIII.    RESPONDING TO SUBPOENA FOR DESIGNATED DISCOVERY MATERIAL

If any Party receives a subpoena, request, or order in another matter requiring the production of Designated Discovery Material, the party receiving the subpoena, request, or order shall promptly provide a copy of the subpoena, request, or order to the party that designated the information or documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Thereafter, the party that received the subpoena, request, or order shall be permitted to produce the documents or information to the third party fourteen (14) days after providing the notice required in this paragraph, unless the producing party has filed a motion for protective order, motion to quash, or other similar motion with the pertinent tribunal or agency, in which case the party receiving the subpoena, request, or order shall await a determination by the pertinent tribunal or agency.

A copy of this Order shall be docketed in Adversary Proceeding Nos. 24-01022-MER and 24-01023-MER.

Dated: March 19, 2025.                BY THE COURT:

_____
Michael E. Romero, Judge
United States Bankruptcy Court

EXHIBIT A

*ACKNOWLEDGEMENT*

I, _____, state that:

1. I have received a copy of the Protective Order entered in this Case No. 23-14859-MER.

2. I have carefully read and understand the provisions of the Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Protective Order any Discovery Materials, and copies thereof, which come into my possession and documents or things which I have prepared relating thereto. I further agree to return or destroy any Discovery Materials within seven calendar days of a written request, and to provide written confirmation of destruction where applicable.

3. I hereby submit to the jurisdiction of Bankruptcy Court for the limited purpose of enforcing said Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

_____
Signature                                    Date